OPINION
Defendant, Melissa Schepman, appeals from a judgment for Plaintiff, Robin M. Zartman, in the amount of $984.61 on Plaintiff's claims for unpaid rent, utility bills, and injuries that were committed to Plaintiff's real property during Defendant's tenancy.
 FIRST ASSIGNMENT OF ERROR THE PLAINTIFF FAILED TO INTRODUCE EVIDENCE OF DIMINUTION OF MARKET VALUE, AND THUS HAS FAILED TO PROVE A NECESSARY ELEMENT OF HER DAMAGES.,
Plaintiff's claim for damage to her real property arose from injuries to the premises that Defendant allegedly committed while she occupied it as a tenant. To prove the measure of her damages, Plaintiff relied on evidence of the cost of the repairs she was required to make to restore the premises to their prior condition.
When the injuries committed to real property are not permanent and restoration can be made, the measure of damages is the reasonable value of restoration, plus the reasonable value of the loss of the use of the property between the time of injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure. The OhioColleries Co. v. Cocke (1923), 107 Ohio St. 238. "Moreover, the party seeking restoration costs bears the burden of establishing the diminution in the property's fair market value." Reeser v.Weaver Brothers, Inc. (1992), 78 Ohio App.3d 681, 692., Plaintiff failed to offer any evidence of the diminution in the fair market value of her property resulting from the injuries that occurred during Defendant's tenancy. Therefore, Plaintiff failed to prove her measure of damages with respect to her claim for relief arising from those alleged injuries.
The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF WAS ENTITLED TO RECOVER $984.61 IN DAMAGES.
To the extent that this assignment of error concerns Plaintiff's claims for injuries committed to her real property and the damages awarded thereon, it is rendered moot by our determination of the first assignment of error. Therefore, pursuant to App. R. 12(A)(1)(c), we exercise our discretion to decline to determine the error involved.
At oral argument, counsel for the Defendant conceded that Defendant is liable to Plaintiff on her remaining claims for relief in the amounts alleged, less any set-off for the security deposit that Defendant had given to Plaintiff. The case will be remanded to the trial court to enter a new judgment on those claims.
The second assignment of error is overruled.
 Conclusion
Having sustained Plaintiff's first assignment of error, we will reverse the judgment from which the appeal was taken and remand for further proceedings consistent with this opinion.
WOLFF, J. and KOEHLER, J.
(Hon. Richard Norman Koehler, Retired from the Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Paul B. Roderer, Jr., Esq.
Richard G. Knostman, Esq.
Hon. Alice O. McCollum